UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 25-cv-4564 (UNA) |
| | ) |
| OPENAI, L.P., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motions to proceed under a pseudonym (ECF No. 3), to file exhibits under seal (ECF No. 4), and for CM/ECF password (ECF No. 5). The Court will grant the application, dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, and deny the motions as moot.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts

1

alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Plaintiff appears to take credit for the development of artificial intelligence, and brings this action against several corporations for copyright infringement. For the most part, the complaint is prolix, rambling and largely unintelligible, and the Court concludes it satisfies the standard for dismissal as frivolous.

A separate order will issue.

DATE: January 29, 2026                                  JAMES E. BOASBERG
                                                        Chief Judge